UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARVIN LUCIOUS MENIFEE,              )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    No.:   1:25-CV-101-DCLC-CHS
                                     )
HAMILTON COUNTY SHERIFF,              )
HAMILTON COUNTY JAIL,                 )
SHUN SHEPPERD, and                   )
QCHC MEDICAL STAFF,                   )
                                     )
        Defendants.                  )

## MEMORANDUM AND ORDER

Plaintiff Marvin Lucious Menifee, a prisoner housed at the Silverdale Detention Center, has filed a (1) complaint under 42 U.S.C. § 1983 [Doc. 1] and (2) motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed as a pauper, **DISMISSES** all claims and Defendants, and **PERMITS** Plaintiff an opportunity to file an amended complaint.

I.     **MOTION TO PROCEED** *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding

monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING OF COMPLAINT

### A.     Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983

**B.    Plaintiff's Allegations**

On November 25, 2024,[1] Plaintiff "injured [his] hand in a physical altercation" at the Silverdale Detention Center/Hamilton County Jail [Doc. 1, p. 3]. When Plaintiff's hand was x-rayed at the facility on November 27, 2024, Plaintiff learned that his hand was broken "and that [he] would be seen by an outside provider" [*Id.* at 4]. But Plaintiff was not provided "a splint, cast, or hand wrapping" in the interim [*Id.*].

Plaintiff was evaluated by a hand surgeon on January 15, 2025, and the surgeon advised Plaintiff that he would need immediate surgery to place a metal plate and screws in his hand [*Id.*]. The surgeon also told Plaintiff that he would not be informed of the date of any such surgery [*Id.*]. On January 23, 2025, "the hospital" called Plaintiff's family and asked "why [he] was not there for surgery" [*Id.*].

Plaintiff alleges that "the facility continues to neglect" him and deny him "proper medical care" [*Id.*]. Because his hand is broken, Plaintiff cannot engage in certain religious practices or properly groom himself [*Id.*]. The medical staff, presumably employed by Quality Correctional

---

[1] In what the Court presumes is a scrivener's error, Plaintiff states that this event occurred on November 25, 2025 [Doc. 1 p. 3].

Health Care ("QCHC"), a private company contracted to provide medical services at certain Tennessee facilities, have "even made excuses and lied responding to [Plaintiff's] grievances" [*Id.*]. As a result, Plaintiff has suffered pain and "mental anguish" [*Id.*].

Aggrieved, Plaintiff filed the instant action against the Hamilton County Sheriff, the Hamilton County Jail, Chief Shun Shepperd, and the QCHC Medical Staff, seeking monetary compensation in an undisclosed amount [*Id.* at 1, 3, 5].

### C. Analysis

Although Plaintiff does not disclose his custodial status in his complaint [*see generally* Doc. 1], the Court presumes he is a pretrial detainee who derives his constitutional protections from the Fourteenth Amendment. *See Westmoreland v. Butler Cnty.*, 29 F.4th 721, 726 (6th Cir. 2022). Plaintiff's custodial designation is relevant because the Fourteenth Amendment's Due Process Clause protects detainees from being "punished prior to an adjudication of guilt[,]" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while the Eighth Amendment protects convicted prisoners from "cruel and unusual punishments," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting U.S. Const. amend VIII). And while a plaintiff must establish a "deliberate indifference" to his rights to state a claim under either Amendment, the Eighth Amendment's standard is more rigorous, as a prisoner must allege facts meeting both an objective element of seriousness and a subjective element of conscious culpability under that test. *See Westmoreland*, 29 F.4th at 726, 728. Under the Fourteenth Amendment, however, the subjective element of the test is modified such that a detainee "need only make 'an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly.'" *Davis v. Chorak*, No. 22-1839, 2023 WL 2487339, at *2 (quoting *Westmoreland*, 29 F.4th at 729).

### 1. Individual Defendants

To state a claim against Chief Shun Shepperd, the Hamilton County Sheriff, and/or the individual members of the QCHC Medical Staff in their respective personal capacities, Plaintiff must adequately plead that each Defendant, by his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). That is, constitutional liability cannot attach to a Defendant solely based on their position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").

#### a. Chief Shun Shepperd and Hamilton County Sheriff

Plaintiff has named Chief Shun Shepperd and the Hamilton County Sheriff as Defendants, ostensibly, because they are each responsible for certain decisions/operations at the Hamilton County Jail. But the Sixth Circuit has held that government officials may be individually liable under § 1983 for their failure to supervise employees only if they "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 563 (6th Cir. 2011); *Troutman v. Louisville Metro. Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (internal quotation marks and citations omitted). Plaintiff does not present any facts involving either the Sheriff or Defendant Shepperd,

5

and thus, he has not plausibly alleged that either of these Defendants participated in or acquiesced to any constitutional violation alleged in the complaint. Therefore, the Court will **DISMISS** Defendant Shepperd and Defendant Hamilton County Sheriff.

### b. QCHC Medical Staff

Plaintiff maintains that members of the medical staff (1) failed to immediately take him to a hospital or provide him with a temporary means of stabilizing his broken hand; (2) "made excuses and lied responding to [his] grievances"; and (3) "continue[] to deny [him] proper medical care" [Doc. 1 p. 4].

In his complaint, Plaintiff fails to identify any member of the QCHC medical staff by name. And the mere filing of a complaint does not commence a civil action against that unidentified party. *See Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Accordingly, the Court cannot address Plaintiff's allegations against the intended Defendants identified only as "QCHC Medical Staff" until their identities are known.

Moreover, Plaintiff has not pled sufficient facts to state a claim against any individual member of the medical staff, even if he had listed their names. A pretrial detainee states a claim that his right to constitutionally adequate medical care was violated by showing that (1) he had a sufficiently serious medical need to which (2) the defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023)

6

(citation omitted) (alterations in original).  As to the first component, a medical need is deemed sufficiently serious if it has been diagnosed by a doctor as requiring treatment or is so obvious that even a lay person would recognize the need for medical attention.  *Greene v. Crawford Cnty.*, 22 F.4th 593, 607 (6th Cir. 2022).  A defendant displays the requisite culpability to satisfy the second component when their "'action (or lack of action) was intentional (not accidental) and she either (a) acted intentionally to ignore [the detainee's] serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to' the detainee."  *Id.* (citing *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021)).

      The Court assumes for present purposes that a broken hand is a serious medical need.  But Plaintiff states that he received medical care for his broken hand, as his hand was x-rayed, and he was scheduled for and received a specialist consult.   Although Plaintiff complains his hand was not stabilized at the facility, he has not advanced any facts from which the Court could plausibly infer that any member of the medical staff intentionally and recklessly chose not to wrap or place a cast on Plaintiff's hand, as opposed to making a medical judgment that such an intervention would not be beneficial.  And while Plaintiff complains that he missed his surgical appointment, he does not explain how that is the fault of any member of the medical staff, much less advance facts suggesting that a staff member acted in an intentional or reckless manner that caused the missed appointment.  Finally, Plaintiff does not state any facts in support of claims that medical staff "continue[] to neglect" him, nor does he explain the circumstances surrounding how he knows medical staff have "made excuses" and/or "lied" when responding to his grievances.  And "naked assertions devoid of further factual enhancement" are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks and alterations omitted); *see also Smith v. Gen. Motors, LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (holding complaints made "on information and belief" cannot rest on conclusory allegations, but

7

rather, "must set forth a factual basis for such belief"). Therefore, Plaintiff's complaint fails to state a cognizable § 1983 claim against any QCHC Medical Staff member. Therefore, the Court will **DISMISS** Defendant QCHC Medical Staff.

2. **Entity Defendants**

Plaintiff also seeks to impose liability against the Hamilton County Jail. But a jail is a building, not a "person" subject to liability under § 1983. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, the Court will **DISMISS** Defendant Hamilton County Jail.

Hamilton County, however, is a suable entity. And, to the extent Plaintiff seeks to impose liability against QCHC Medical Staff in their official capacities, QCHC is also presumably a proper Defendant. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (holding where a private entity contracts with the state to perform a traditional state function, it acts under color of state law and may be sued under § 1983). But to hold either of these entities liable, Plaintiff must demonstrate that "a policy or well-settled custom of the company [or County] was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corrections Corp. of America*, 419 F. App'x 622, 627 (6th Cir. 2011); *Monell*, 436 U.S. at 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Here, Plaintiff has not alleged any facts that allow a plausible inference that his constitutional rights were violated because of an official policy or custom of either Hamilton

County or QCHC. Accordingly, the Court will not construe Plaintiff's complaint as against the County itself, and the Court will **DISMISS** any intended claims against QCHC.

### 3. Opportunity to Amend

As set forth above, Plaintiff's complaint fails to state a claim. Even so, because it is possible Plaintiff may be able to state a colorable claim if permitted to amend, the Court will permit Plaintiff an opportunity to amend this claim to attempt to set forth facts that render a denial-of-medical-care claim plausible. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

Accordingly, **if** Plaintiff desires to proceed on such a claim, he **must** file an amended complaint within fourteen (14) days of entry of this Order that contains a short and plain statement of specific facts setting forth exactly how his constitutional rights were violated and the specific party(ies) responsible for that violation. Plaintiff must avoid conclusory legal statements or arguments in this amended complaint, but rather, he must tell the Court exactly what transpired during his interactions with facility/medical staff, what he was told during those interactions, and by whom. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

9

Case 1:25-cv-00101-DCLC-CHS    Document 6    Filed 04/18/25    Page 9 of 11    PageID #: 31

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. All Defendants and claims are **DISMISSED** for Plaintiff's failure to state a claim upon which relief may be granted;

5. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

6. Plaintiff is **ORDERED** to complete the § 1983 form within fourteen (14) days in accordance with the directives stated above **only if** he desires to further pursue this action;

7. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

                                                  <u>s/Clifton L. Corker            </u>
                                                  United States District Judge

11

Case 1:25-cv-00101-DCLC-CHS   Document 6   Filed 04/18/25   Page 11 of 11
PageID #: 33